The STATE of Ohio, Appellant,

v.

JETTER, Appellee.

[Cite as *State v. Jetter* (1991), 74 Ohio App.3d 535.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900477.

Decided June 12, 1991.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Philip R. Cummings,* for appellant.

*John C. Bauer,* for appellee.

---

*Per Curiam.*

On February 14, 1990, defendant-appellee, Kimberly Jetter, was arrested and charged with public indecency in violation of R.C. 2907.09(A)(1). The complaint, as amended, alleged that the defendant exposed her breast at a Cincinnati bar. The defendant pleaded not guilty and filed a motion to dismiss. Following a hearing on the motion, on June 18, 1990, the trial court granted the defendant's motion. According to the record of the proceedings, the trial court held that the allegations of the amended complaint with respect to the exposure of the female breast did not, in law, state a violation of R.C. 2907.09(A)(1).

In its sole assignment of error, the state asserts that the trial court erred in granting the defendant's motion to dismiss, reasoning that the term "private parts," as found in R.C. 2907.09(A)(1), includes the female breast. For the reasons discussed below, we must affirm the judgment of the trial court.

R.C. 2907.09 states in relevant part:

"(A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:

"(1) Expose his or her private parts, or engage in masturbation[.]"

Although R.C. Chapter 2907 fails to provide a specific definition for "private parts,"[1] we are convinced that, in its commonly understood meaning, the term does not include the female breast. Accordingly, we hold that the trial court properly dismissed the amended complaint on its face because the material allegations contained within it did not, as a matter of law, state a violation of Ohio law with respect to the offense codified in R.C. 2907.09(A)(1). The

---

1. It is worth noting that the Ohio jury instruction for R.C. 2907.09 defines "private parts" to mean genitals. 4 Ohio Jury Instructions (1991), Section 507.09.

amended complaint being invalid on its face, we overrule the prosecution's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and UTZ, JJ., concur.