[Cite as *State v. Davis*, 2017-Ohio-8535.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-04-049 | |
| | : | O P I N I O N | |
| - vs - | | 11/13/2017 | |
| | : | | |
| EDMUND DAVIS, | : | | |
| Defendant-Appellant. | : | | |

CRIMINAL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. 17CRB01024-A

Sarah N. Fox, Middletown City Prosecutor, Ashley M. Bretland, One Donham Plaza, Middletown, Ohio 45042, for plaintiff-appellee

Edmund Davis, 3919 Helton Drive, Apt. #46, Middletown, Ohio 45044, defendant-appellant, pro se

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Edmund Davis, appeals from his conviction in the Middletown Municipal Court for domestic violence. For the reasons set forth below, we affirm his conviction.

{¶ 2} Following an incident that occurred between appellant and his 13-year-old daughter, M.D., on January 15, 2017, at M.D.'s mother's home in Middletown, Ohio, appellant was charged with one count of domestic violence in violation of R.C. 2919.25(A), a

misdemeanor of the first degree.[1]  Appellant pled not guilty to the charge and a bench trial was held March 20, 2017.

{¶ 3}  At trial, M.D.'s mother, Yvette Smith, testified as did M.D. and Middletown Police Officer Conner Kirby.  Smith testified that on January 15, 2017, she called appellant and asked him to come to her home so that they could discuss disciplining M.D. after M.D. got into trouble at school.  Smith explained that while she has full custody of M.D., she tries to co-parent with appellant and keep him informed of issues involving their daughter.

{¶ 4}  Once appellant arrived at Smith's home, an argument occurred when appellant tried to get M.D. to leave with him.  Smith explained that M.D. did not want to go with appellant "because he has threatened to beat her before."  Smith told appellant he was not allowed to take M.D. out of her home.  An argument ensued and appellant and M.D. ended up on the floor of Smith's dining room, with appellant straddling M.D. while M.D. was lying on her back and holding onto the base of a dining room table.  According to Smith, "appellant straddled [M.D.]'s waist, was tryin[g] to pull her hands from the table, when he couldn't do that, he rared [sic] back and hit [M.D.] in the mouth with his fist like a grown man."  After appellant struck M.D., Smith's husband removed appellant from the home while Smith called the police.

{¶ 5}  M.D. testified that after she got in trouble at school, appellant came over to Smith's home and tried to get her to leave with him.  When appellant grabbed her and tried to force her out of the house, she "dropped to the ground and grabbed ahold of the * * * leg of the * * * table."  Appellant fell to the ground with her and started pulling on her legs.  When she would not let go of the base of the table, appellant hit M.D. in her mouth with his right fist.  M.D.'s lips became red and swollen and the inside of her upper lip was cut.  M.D. explained

---

1. Appellant was originally charged with domestic violence in violation of Middletown Codified Ordinance 636.17(A).  However, the charge was later amended to domestic violence in violation of R.C. 2919.25(A).

that during these events she was scared of appellant.

{¶ 6} Officer Kirby testified he was dispatched to Smith's home in Middletown, Ohio on January 15, 2017, on a report of a domestic violence incident. Upon arriving at the home, he spoke to M.D. and Smith, who both informed him that appellant struck M.D. with a closed fist in the mouth. Kirby observed a laceration on the inside of M.D.'s upper lip and noticed M.D.'s lip was swelling. Kirby took a photograph of M.D.'s injuries, which was admitted into evidence.

{¶ 7} Following Kirby's testimony, appellant testified in his own defense. Appellant explained that on the date of the incident, Smith had called him early in the morning, around 2:00 a.m., to say that M.D. had left Smith's home and Smith did not know where M.D. went. Smith told appellant M.D. had been disrespectful. Later that day, after M.D. returned home, Smith again called appellant so that appellant could discipline M.D. Once appellant arrived at Smith's home, M.D. refused to leave with him because he had previously threated to "whup [M.D.] till his arm fell off" if she got into trouble again. Appellant explained that when he was trying to escort M.D. out of Smith's home, they both fell to the floor in the dining room. M.D. grabbed onto the table's base and refused to let go. Appellant denied straddling M.D. and punching her, but admitted to "disciplining" M.D. by "smack[ing] her" with an open palm. He explained that he "smacked her like a, like a [sic] parental slap and told her, I said turn that table leg loose and get up, come on, [and] go wit me [sic]." Appellant also testified that he and Smith are currently litigating his visitation and parental rights with respect to M.D.

{¶ 8} After considering the foregoing evidence, the trial court found appellant guilty of domestic violence. Appellant was sentenced to 90 days in jail, with 89 days suspended and one day of jail-time credit. He was placed on probation for one year and was ordered to stay away from M.D. "except [for] visitation orders of the domestic relations court having jurisdiction of the child," and to pay a $200 fine and court costs.

{¶ 9} Appellant now appeals, pro se, raising three assignments of error.

{¶ 10} Assignment of Error No. 1:

{¶ 11} [THE] TRIAL COURT ERRED WHEN IT GAVE JUDGMENT WHEN IT DID NOT HAVE THE REQUIRED SUBJECT MATTER JURISDICTION.

{¶ 12} In his first assignment of error, appellant argues the municipal court did not have subject-matter jurisdiction to try the domestic violence charge. He further contends the court lost jurisdiction when Smith made "false or misleading statements concerning issues central to [the] case." We disagree.

{¶ 13} "Municipal courts are created by statute, R.C. 1901.01, and their subject-matter jurisdiction is also set by statute." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 11. Pursuant to R.C. 1901.20(A)(1), a municipal court has jurisdiction over misdemeanors occurring within its territorial jurisdiction. The filing of a valid complaint, one that meets the requirements of Crim.R. 3, invokes the subject-matter jurisdiction of a municipal court. *State v. Taylor*, 12th Dist. Butler No. CA2014-02-040, 2015-Ohio-819, ¶ 8; *Mbodji* at ¶ 21. *See also State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 15. Here, as the domestic violence incident was alleged to have occurred within Middletown and the complaint charging appellant complied with Crim.R. 3, the municipal court's subject-matter jurisdiction was properly invoked.

{¶ 14} Smith's testimony at trial had no bearing on the court's exercise of jurisdiction. As Smith was a witness to the domestic violence incident, her testimony was relevant and admissible. Any inconsistencies that appellant believed existed between Smith's initial statement to law enforcement and her testimony at trial went to the weight of the evidence – not the court's exercise of jurisdiction.

{¶ 15} We therefore find appellant's arguments to be without merit and overrule his first assignment of error.

{¶ 16} Assignment of Error No. 2:

{¶ 17} [THE] TRIAL COURT ERRED WHEN OFFICERS OF THE COURT CONSPIRED TO CONVICT THE DEFENDANT, OFFICERS OF THE COURT WITHHELD EVIDENCE AND PERJURED THEMSELVES.

{¶ 18} In his second assignment of error, appellant argues the prosecutor and his defense counsel conspired to withhold the police report from evidence in order to convict him of the domestic violence offense. He further contends Officer Kirby lied at trial when he was questioned about whether Smith's and M.D.'s trial testimony was consistent with their initial statements to him on the date of the incident.

{¶ 19} Neither the prosecutor nor defense counsel was required to introduce the police report into evidence. Defense counsel's decision not to introduce the police report was a strategic decision, and counsel's strategy will not be second-guessed on appeal. *See State v. Bai*, 12th Dist. Butler No. CA2010-05-116, 2011-Ohio-2206, ¶ 145. "[A] reviewing court must indulge a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment." *State v. Chamberlain*, 12th Dist. Brown No. CA2013-04-004, 2014-Ohio-4619, ¶ 44.

{¶ 20} Here, the individuals involved in making the police report, Smith, M.D., and Kirby, all testified at trial and were subject to cross-examination. Although appellant believes defense counsel could have done more to challenge the credibility of the witnesses, the record reveals defense counsel questioned the witnesses about their recollection of the events transpired on January 15, 2017. The credibility of the witnesses' testimony was a matter for the trial court to decide. *State v. Hamilton*, 1st Dist. Hamilton Nos. C-160247 and C-160248, 2017-Ohio-8140, ¶ 17. The court was free to believe all, part, or none of the witnesses' testimony. *State v. Coleman*, 12th Dist. Fayette No. CA2011-09-020, 2012-Ohio-3630, ¶ 19. Appellant's conviction was not improper, or against the manifest weight of the

evidence, merely because the trier of fact believed the testimony of the state's witnesses. *State v. Burrell*, 12th Dist. Fayette No. CA2016-04-005, 2016-Ohio-8454, ¶ 22. Here, the court had before it ample testimony that appellant knowingly caused physical harm to his 13-year-old daughter when he struck her in the mouth with a closed fist.

{¶ 21} Appellant's arguments are, therefore, without merit and his second assignment of error is overruled.

{¶ 22} Assignment of Error No. 3:

{¶ 23} [THE] TRIAL COURT ERRED WHEN IT DID NOT PROTECT MY CONSTITUTIONAL PARENTAL RIGHTS.

{¶ 24} In his third assignment of error, appellant argues his domestic violence conviction should be reversed as he presented evidence demonstrating he exercised his parental right to administer corporal punishment to his unruly daughter.

{¶ 25} "[T]he domestic violence statute does not prohibit a parent from properly disciplining his or her child." *State v. Sellers*, 12th Dist. Butler No. CA2011-05-083, 2012-Ohio-676, ¶ 15, citing *State v. Suchomski*, 58 Ohio St.3d 74, 75 (1991). "'[A] parent may use physical punishment as a method of discipline without violating the domestic violence statute as long as the discipline is proper and reasonable under the circumstances.'" *Id.*, quoting *State v. Thompson*, 2d Dist. Miami No. 04CA30, 2006-Ohio-582, ¶ 29. "Whether any particular conduct constitutes proper and reasonable parental discipline is a question that must be determined from the totality of all the relevant facts and circumstances." *Thompson* at ¶ 31. In analyzing the totality of the circumstances, a court should consider the child's age, the child's behavior leading up to the discipline, the child's response to prior non-corporal punishment, the location and severity of the punishment, and the parent's state of mind while administering the punishment. *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 25.

{¶ 26} At trial, the finder of fact was presented with two different versions of events. Smith and M.D. testified that appellant tried to remove M.D. from Smith's home without either Smith's or M.D.'s consent. When M.D. latched onto a table and refused to let go, appellant grabbed her legs and pulled. While on the floor with M.D., appellant straddled M.D. and deliberately punched his 13-year-old daughter in the mouth with a closed fist, "like a grown man." Appellant's actions instantly caused injuries to M.D.'s mouth. Her lips became swollen and the inside of her upper lip was cut.

{¶ 27} Appellant disputed Smith's and M.D.'s version of events, and claimed that he merely disciplined M.D. after she got into trouble at school and was disrespectful towards her mother. He claimed that while he was trying to escort M.D. from Smith's home, M.D. started "yellin' back at me like she talk[s] to her mom" and she refused to let go of the table leg she was holding on to. He stated that in response to M.D.'s actions he gave her a "parental slap" with his open palm to her face.

{¶ 28} Having heard the different version of events, the trial judge was in the best position to observe and access the witnesses' credibility. *Zielinski*, 2011-Ohio-6535 at ¶ 31. Based on the evidence before it, the court was entitled to find beyond a reasonable doubt that appellant knowingly caused physical harm to his teenage daughter when he struck her in the mouth with a closed fist. The court was also entitled to find that a closed fist punch to the face was not proper and reasonable parental discipline under the circumstances. Appellant's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence.

{¶ 29} Accordingly, we find no merit to appellant's arguments and overrule his third assignment of error.

{¶ 30} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.

- 7 -