[Cite as *State v. Sparks*, 2019-Ohio-3145.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-11-226 |
| | : | O P I N I O N |
| - vs - | | 8/5/2019 |
| | : | |
| AGYEMANG SPARKS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CRB1800332

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Scott N. Blauvelt, 315 South Monument, Hamilton, Ohio 45011, for appellant

**S. POWELL, P.J.**

{¶ 1} Appellant, Agyemang Sparks, appeals the guilty finding and 30-day jail sentence he received from the Butler County Area III Court after the trial court found him guilty of one count of public indecency. For the reasons outlined below, we affirm Sparks' conviction but reverse and remand this matter to the trial court for the limited purpose of resentencing.

{¶ 2}  Sparks was charged by private complaint with one count of public indecency in violation of R.C. 2907.09(A)(1), a fourth-degree misdemeanor.  The charges arose after the victim, B.C., alleged Sparks exposed his penis to her while they were at work.  The matter ultimately proceeded to a one-day bench trial.  During trial, both Sparks and B.C. testified.  As part of her testimony, B.C. testified that Sparks "revealed himself" to her on three separate occasions by lifting up his sweatshirt and showing her his exposed penis. B.C. testified Sparks did this "very discretely" from approximately one to two feet away. Although Sparks denied ever showing his penis to B.C., the trial court nevertheless found Sparks guilty upon finding B.C.'s testimony "very credible," "truthful," "candid," and "honest." The trial court then sentenced Sparks to 30 days in jail, with 20 of those days suspended, and ordered Sparks to pay a $150 fine.

{¶ 3}  Sparks now appeals his conviction and 30-day jail sentence, raising two assignments of error for review.[1]

{¶ 4}  Assignment of Error No. 1:

{¶ 5}  APPELLANT'S CONVICTION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 6}  In his first assignment of error, Sparks argues his conviction must be reversed because it was against the manifest weight of the evidence.  We disagree.

{¶ 7}  "A verdict can be against the manifest weight of the evidence even though legally sufficient evidence supports it."  *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, ¶ 140.  A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other."  *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶

---

1. We note that the trial court granted Sparks' motion to stay his 30-day jail sentence pending appeal.

14. To determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 168. This court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 8} As noted above, Sparks was convicted of public indecency in violation of R.C. 2907.09(A)(1). Pursuant to that statute, no person shall "recklessly" expose his or her "private parts" under circumstances where the person's conduct is "likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household." The Ohio Revised Code "does not specifically define the term 'private parts.'" *State v. Mackie*, 12th Dist. Warren No. CA2010-08-080, 2011-Ohio-2102, ¶ 20. The Ohio Jury Instructions manual nevertheless defines the term to mean "genitals." *State v. Jetter*, 74 Ohio App.3d 535, 536, fn. 1 (1st Dist.1991), citing 4 Ohio Jury Instructions (1991), Section 507.09. This would include Sparks' penis.

{¶ 9} Sparks argues his conviction must be reversed because B.C.'s testimony that he exposed his penis to her at work lacked credibility. To support this claim, Sparks raises a series of questions he believes prove the trial court erred by finding B.C.'s testimony credible. This includes questions as to why their employer did not take "more serious action" against him if its investigation revealed any truth to B.C.'s claims, why the security cameras installed in their work area were inoperable at the times when B.C. claims he exposed his penis to her, and why the police did not pursue charges against him. Sparks

also claims B.C.'s testimony lacks credibility when considering B.C. has not ruled out bringing legal action against her now former employer.[2] Therefore, because he denied ever exposing his penis to B.C., Sparks argues it was improper for the trial court to find him guilty.

{¶ 10} Sparks' claims lack merit. While Sparks argues B.C.'s testimony lacked credibility, the trial court, as the trier of fact, was free to believe all, part, or none of B.C.'s testimony. *State v. Davis*, 12th Dist. Butler No. CA2017-04-049, 2017-Ohio-8535, ¶ 20. This includes B.C.'s testimony that Sparks exposed his penis to her on three separate occasions while they were at work. It is well-established that it is the trier of fact – and not this court on appeal – that makes determinations of credibility and the weight to be given to the evidence presented at trial. *State v. Erickson*, 12th Dist. Warren No. CA2014-10-131, 2015-Ohio-2086, ¶ 42, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 (1967), paragraph one of the syllabus. That is to say this court will not substitute its evaluation of B.C.'s credibility for that of the trial court. *State v. Kellum*, 12th Dist. Clinton No. CA97-11-012, 1998 Ohio App. LEXIS 2779, *13-14 (June 22, 1998).

{¶ 11} It is equally well-established that a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the testimony offered by the prosecution. *State v. Crossty*, 12th Dist. Clermont Nos. CA2017-01-003 thru CA2017-01-005, 2017-Ohio-8267, ¶ 68. "As the trier of fact is in the best position to judge the credibility of the witnesses, we will not disturb the trial court's finding in regard to which version of events was credible, and which was not." *State v. Bonner*, 12th Dist. Butler No. CA2012-09-195, 2013-Ohio-3670, ¶ 13. Therefore, because this is not one of those extraordinary

---

2. B.C. testified she no longer works for the company where she was employed when Sparks exposed his penis to her because she "wasn't happy with the company after all of this went on." Sparks testified he also no longer works for that company after "[he] got [himself] fired" because he could no longer complete his job responsibilities due to pressure put on him by B.C.'s "operatives," her friends, and her supervisor.

circumstances where the evidence presented at trial weighed heavily in favor of acquittal, Sparks' conviction was not against the manifest weight of the evidence. *See, e.g., State v. Osborne*, 5th Dist. Muskingum No. CA 92-4, 1992 Ohio App. LEXIS 6181, *6-7 (Dec. 4, 1992) (conviction for public indecency was not against the manifest weight of the evidence where "the jury could reasonably conclude that appellant was aware that his penis was out of his pants when he lifted his shirt, and it was not an accident"). Accordingly, finding no error in the trial court's decision, Sparks' first assignment of error lacks merit and is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHERE THE RECORD DOES NOT DEMONSTRATE THAT APPELLANT WAS GIVEN AN OPPORTUNITY FOR ALLOCUTION AT SENTENCING.

{¶ 14} In his second assignment of error, Sparks argues the trial court erred by denying him his right to allocution prior to issuing its sentencing decision. The state concedes, and we agree, that the trial court did not address Sparks personally and ask if he wished to make a statement on his behalf or present any information in mitigation of punishment prior to sentencing as required by Crim.R. 32(A)(1). Although not considered a constitutional right, "the right of allocution is firmly rooted in the common-law tradition." *State v. Copeland*, 12th Dist. Butler No. CA2007-02-039, 2007-Ohio-6168, ¶ 6. This right is "both absolute and not subject to waiver due to a defendant's failure to object." *State v. Haynes*, 12th Dist. Butler No. CA2010-10-273, 2011-Ohio-5743, ¶ 27. Therefore, because the trial court erred by denying Sparks his right to allocution prior to issuing its sentencing decision, Sparks' second assignment of error is sustained and this matter is reversed and remanded to the trial court for the limited purpose of resentencing.

{¶ 15} Judgment reversed as to sentencing only and remanded to the trial court for

the limited purpose of resentencing. Upon remand, the trial court is instructed to personally address Sparks and ask him if he wishes to make a statement on his own behalf or present any information in mitigation of punishment before imposing a sentence. In all other respects, the trial court's judgment is affirmed.

PIPER and M. POWELL, JJ., concur.