[Cite as *State v. Watkins*, 2022-Ohio-500.]

.

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO/CITY OF MIDDLETOWN, | : | |
| | : | CASE NO. CA2021-06-058 |
| Appellee, | : | O P I N I O N<br>2/22/2022 |
| - vs - | : | |
| | : | |
| CHRISTIAN WATKINS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. CRB 2100605


Ashley M. Bretland, for appellee.

Christopher P. Frederick, for appellant.



**PIPER, P.J.**

{¶1}   Appellant, Christian Watkins, appeals from his conviction for domestic violence in the Middletown Municipal Court.  For the reasons detailed below, we affirm.

{¶2}   Watkins was charged by complaint with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor.  The complaint alleged that on or about March 8, 2021, Watkins inflicted physical injuries on his wife and threatened to kill her by slitting her wrists.

{¶3} Watkins pled not guilty to the charge and a bench trial was held on April 29, 2021. The state presented evidence from the victim and two police officers, one from the Atrium Hospital Campus Police and another from the Middletown Police Department. Watkins testified in his own defense. The testimony at trial established the following facts.

{¶4} On March 7, 2021, Watkins and his wife lived together in a residence located in Middletown, Ohio. That evening, Watkins and his wife were drinking alcoholic beverages and later became involved in an argument.

{¶5} The victim testified that the two had been arguing throughout the evening. At one point, Watkins attempted to leave their residence with some of the victim's belongings, so the victim hit Watkins' car window with a bottle, shattering the glass. The victim left the residence for a brief period of time with her friend. She later returned once Watkins left the residence.

{¶6} Watkins returned shortly thereafter and became angry when he learned that the police had been called to their residence earlier. Though the victim believed that the situation had calmed, Watkins soon escalated the situation to include physical violence. The victim testified that beginning late March 7 and continuing into March 8 Watkins started punching and hitting her in the head and punching her in the face. She stated that Watkins grabbed her by the hair and stomped on her stomach. She also testified that Watkins held a knife to her and told her that he was going to kill her if she tried to run. Watkins then told her to take a shower.

{¶7} The victim testified that when she returned to their shared room, Watkins was still angry and told her that the only way he would forgive her is if she agreed to have sex with him. The two had sex, but Watkins was still aggressive. Watkins then told the victim that she needed to pray and "to ask God to forgive me for all my sins." The victim ended up falling asleep while praying.

{¶8} The next morning, the victim was awakened by her grandparents knocking at the front door. When she realized that Watkins was still asleep, the victim testified that she ran from the residence, naked, wrapped only in a blanket. The victim's grandparents transported her to Atrium Medical Center. The state admitted several photographs of the victim while in the hospital that show injuries to her face, mouth, head, stomach, arms, and legs.

{¶9} The state then called Atrium Medical Campus Police Officer Jordan Jenkins who met the victim in the Emergency Room. Officer Jenkins observed the victim wrapped only in a blanket with visible injuries. The victim was crying and told Officer Jenkins that she had gotten into an argument with her husband and that he punched and kicked her multiple times.

{¶10} The final state witness was Officer James Lusk with the Middletown Police Department. Officer Lusk also observed an emotionally distraught victim in the Emergency Room with visible injuries to her face and body. The victim told Officer Lusk that she had been in an argument with her husband. When she tried to leave, her husband threw her down, started beating on her face and chest, and kicked her. Officer Lusk photographed the victim's injuries and helped her prepare a victim statement.

{¶11} Watkins testified that he and the victim argued on the date of the domestic violence incident but denied physically harming her. Watkins stated that the victim had consumed five tall alcoholic beverages that evening and told him that she was going to self-harm and blame him for the injuries. Watkins testified that the victim had a history of inflicting self-harm and blaming it on him. He also claimed that the victim was angry with him because he told her that he wanted a divorce and had brought an ex-girlfriend to their residence. Watkins testified that he went to bed around midnight and was awakened by the victim's father. After learning that a criminal complaint had been filed, Watkins called

the Middletown Police and turned himself in.

{¶12} The trial court found Watkins guilty of domestic violence and sentenced him to 180 days in jail. Watkins now appeals, raising a single assignment of error for review:

{¶13} MR. WATKINS' CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14} In his sole assignment of error, Watkins argues that his conviction is not supported by the manifest weight of the evidence. We find Watkins' argument to be without merit.

{¶15} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. "While appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, 'these issues are primarily matters for the trier of fact to decide.'" *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81, quoting *State v. Walker*, 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Gerdes*, 12th Dist. Butler No. CA2018-03-056, 2019-Ohio-913, ¶ 11.

{¶16} Watkins was convicted of one count of domestic violence, a first-degree

misdemeanor. Pursuant to R.C. 2919.25(A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Physical harm means "any injury, illness, or other physiological impairment regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶17} In light of the evidence presented, we find the trial court did not err by finding Watkins guilty of domestic violence. This case came down to the credibility of the witnesses. The state presented the testimony of the victim who testified that she was married to Watkins and had been physically harmed by him during a violent physical encounter. The victim's testimony was corroborated by officers who observed the injuries and took photographs of the victim in the Emergency Room. Although Watkins denied harming the victim and claimed that her injuries were the result of self-harm, the trial court, as trier of fact, was in the best position to weigh the credibility of the witnesses. Following the presentation of all evidence, the trial court found the victim to be more credible than Watkins. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the tier of fact believed the prosecution testimony." *State v. Doyle*, 12th Dist. Warren No. CA2020-02-009, 2021-Ohio-4243, ¶ 47. Based on the facts detailed above, we find that Watkins' conviction for domestic violence is not against the manifest weight of the evidence. Watkins' sole assignment of error is overruled.

{¶18} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.