[Cite as *State v. Baker*, 2023-Ohio-183.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-06-062 |
| | : | O P I N I O N |
| - vs - | | 1/23/2023 |
| | : | |
| KALOB S. BAKER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 22 CRB 00923


Laura R. Gibson, City of Hamilton Prosecuting Attorney, for appellee.

Christopher P. Frederick, for appellant.



**S. POWELL, J.**

{¶ 1} Appellant, Kalob S. Baker, appeals the verdict reached by the Hamilton Municipal Court finding him guilty of one count of first-degree misdemeanor domestic violence. For the reasons outlined below, we affirm.

{¶ 2} On March 3, 2022, a complaint was filed charging Baker with one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. The charge

arose after it was alleged Baker punched and slapped his step-uncle, Bryan Sapp, during an altercation that took place on February 15, 2022, at their shared residence located in Hamilton, Butler County, Ohio. The matter proceeded to a one-day bench trial on June 6, 2022. During trial, the trial court heard testimony from both Sapp and Baker. The following is a summary of that testimony.

{¶ 3} Sapp testified that, on the day in question, Baker "launched an attack" on him while they were both inside their shared Hamilton residence. Sapp testified this "attack" lasted upwards of 15 minutes, during which Baker threw something at him, hit him on the side of the face, jumped on his back multiple times, "rode" him down the front steps "like a black belt judo guy" trying to break his neck, and put his finger in his mouth "puncturing" his gums. Sapp testified Baker's conduct caused him to suffer physical harm to his person that included injuries to his knees, headaches, and bruising to the side of his face.

{¶ 4} Baker, although acknowledging that he had thrown something at Sapp, and while admitting that he did trip Sapp on the day in question causing him to fall to the ground, testified and denied that he had ever caused Sapp to suffer any physical harm to his person. Baker testified and denied that he had jumped on Sapp's back or that he had hit Sapp in the face. Baker instead testified that because he knows jujutsu, "[i]f [he] was to cause harm, [he] would cause harm," but that he has "no ill intent" towards anybody, including Sapp.

{¶ 5} Once both parties rested, and upon hearing closing arguments, the trial court issued its verdict from the bench finding Baker guilty as charged. In reaching this decision, the trial court noted that it had found Sapp's testimony credible given Sapp was "clear," "consistent," and "very specific" about what had happened to him. The trial court also noted that it "believe[d]" Sapp's testimony that Baker had "rode" him down the front steps of their shared Hamilton residence. This is in addition to the trial court noting that, "if you intentionally trip someone and they fall down and they strike their head, that's causing

physical harm."

{¶ 6} After issuing its verdict, the trial court then immediately proceeded to sentencing and sentenced Baker to a suspended 180-day jail term. The trial court also ordered Baker to pay a fine of $300 plus court costs and placed Baker on community control for a period of two years. The trial court further required Baker to take an anger management class and mandated Baker have no contact with Sapp. Baker now appeals the trial court's guilty verdict, raising the following single assignment of error for review.

{¶ 7} MR. BAKER'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} In his single assignment of error, Baker argues the trial court's verdict finding him guilty of domestic violence was against the manifest weight of the evidence. We disagree.

{¶ 9} "A manifest weight of the evidence challenge examines the 'inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other.'" *State v. Dean*, 12th Dist. Madison Nos. CA2021-08-013 and CA2021-08-014, 2022-Ohio-3105, ¶ 62, quoting *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. When determining whether a conviction is against the manifest weight of the evidence, this court "must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34. This court will overturn a conviction due to the manifest weight of the evidence "only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-

148, 2020-Ohio-3835, ¶ 10.

{¶ 10} Baker was found guilty of one count of first-degree misdemeanor domestic violence in violation of R.C. 2919.25(A). Pursuant to that statute, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). The phrase "physical harm to persons" is defined by R.C. 2901.01(A)(3) to mean "any injury, illness, or other physiological impairment, regardless of its gravity or duration." A "family or household member" includes any person "related by consanguinity or affinity to the offender." R.C. 2919.25(F)(1)(a)(ii). The term "consanguinity" means "a blood relationship." *State v. Morton*, 3d Dist. Seneca No. 13-93-27, 1994 Ohio App. LEXIS 617, *9 (Feb. 14, 1994). "'Affinity' is defined, in part, as 'any familial relation resulting from a marriage.'" *Williams v. Workman*, 9th Dist. Summit No. 22626, 2005-Ohio-5388, ¶ 8, quoting Black's Law Dictionary (7th Ed.1999) 59.

{¶ 11} Baker argues the trial court "incorrectly" weighed the evidence, did not "properly execute its fact-finding responsibilities," and failed to render "an appropriate verdict" based on Sapp's trial testimony. However, "[a]s the trier of fact in this case, the trial court was in the best position to judge the credibility of the parties and the weight to be given the evidence." *State v. Hilton*, 12th Dist. Butler No. CA2015-03-064, 2015-Ohio-5198, ¶ 20. It is in fact well established that it is the trier of fact that makes determinations regarding witness credibility and the weight to be given to the evidence presented at trial. *State v. Sparks*, 12th Dist. Butler No. CA2018-11-226, 2019-Ohio-3145, ¶ 10; *State v. K.W.*, 12th Dist. Warren No. CA2016-01-004, 2016-Ohio-7365, ¶ 26. The trial court was therefore free to believe all, part, or none of Sapp's trial testimony. *State v. Davis*, 12th Dist. Butler No. CA2017-04-049, 2017-Ohio-8535, ¶ 20. This holds true even if there were

inconsistencies within that testimony. *State v. Schils*, 12th Dist. Clermont No. CA2019-08-067, 2020-Ohio-2883, ¶ 18.

{¶ 12} By its verdict, the trial court clearly chose to credit some, if not all, of Sapp's trial testimony. *See State v. Panzeca*, 12th Dist. Warren No. CA2019-03-023, 2020-Ohio-326, ¶ 21. This includes Sapp's testimony that Baker "rode" him down the front steps This also includes Sapp's testimony that Baker's "attack" caused him to suffer physical harm to his person. "A conviction is not against the manifest weight of the evidence simply because the trier of fact believed the testimony offered by the prosecution." *State v. Baker*, 12th Dist. Butler No. CA2019-08-146, 2020-Ohio-2882, ¶ 31. Such is the case here. *See, e.g., State v. Watkins*, 12th Dist. Butler No. CA2021-06-058, 2022-Ohio-500, ¶ 17 (appellant's domestic violence conviction was not against the manifest weight of the evidence where the trial court found the victim's testimony that appellant caused her physically harm more credible than appellant's testimony denying the same). Therefore, because the trial court's verdict finding Baker guilty of domestic violence was not against the manifest weight of the evidence, Baker's single assignment of error lacks merit and is overruled.

{¶ 13} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.