OPINION
{¶ 1} Robert L. Hargrove, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court found him guilty, pursuant to a jury verdict, of felonious assault, in violation of R.C. 2903.11, which is a second-degree felony, and not guilty, pursuant to a jury verdict, of a second count of felonious assault, in violation of R.C.2903.11, also a second-degree felony.
 {¶ 2} On December 25, 2003, appellant was at the apartment of his girlfriend, Myrtle Castle. Castle's daughter, Kandi Harshaw, was also at the apartment with her three children: Innocent ("Chico"), Jordan, and Falacia. Additionally, Harshaw's two sisters, Lisa Ferrell and Debra Cantrell, were at the apartment. Castle and her daughter, Mrs. Ferrell, argued about appellant's lack of respect for Castle's deceased husband's urn, and the fight escalated to a physical confrontation, which included grabbing and slapping. In an attempt to stop the fighting, appellant intervened. He grabbed Mrs. Ferrell, and the two began to hit each other.
 {¶ 3} On December 26, 2003, Mrs. Ferrell and appellant were at Castle's apartment and an argument ensued. Although Mrs. Ferrell wished to leave, she could not find her car keys. Her husband, Scott Ferrell, arrived at Castle's apartment and saw a mark on Mrs. Ferrell's face. Appellant was in his bedroom, and Mr. Ferrell asked him to come out so he could confront him about grabbing his wife. When appellant came out of his bedroom he stabbed Mr. Ferrell in the stomach. Apparently, Mrs. Ferrell and Harshaw tried to intervene. Mrs. Ferrell claimed appellant then stabbed her in the left shoulder blade and lower back. Mr. Ferrell then ran outside. Appellant chased Chico and Mr. Ferrell with the knife, and Mr. Ferrell grabbed a fencepost, and struck appellant. With Chico's assistance, Mr. Ferrell got into his car and drove himself to the hospital. Harshaw then called 911 from a neighbor's apartment. Other family members helped Mrs. Ferrell, and she was eventually taken to the hospital via ambulance.
 {¶ 4} On January 5, 2004, appellant was indicted on two counts of felonious assault. One count related to the stabbing of Mr. Ferrell and the other count related to the stabbing of Mrs. Ferrell. On September 27, 2004, a jury trial commenced with regard to both counts. The jury convicted appellant on the count relating to Mr. Ferrell but was unable to come to a unanimous decision on the count relating to Mrs. Ferrell, resulting in a hung jury and mistrial. A second trial was held on the count relating to Mrs. Ferrell, and the jury found appellant not guilty. On April 27, 2005, the trial court entered a judgment on the verdicts and sentenced appellant to a seven-year term of imprisonment. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
Appellant's conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 5} Appellant asserts in his assignment of error that the trial court's judgment was not supported by sufficient evidence and was against the manifest weight of the evidence. When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 6} An appellate court's function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983),20 Ohio App.3d 172, 175. If we find that the fact finder clearly lost its way, we must reverse the conviction and order a new trial. Id. On the other hand, we will not reverse a conviction as long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v.Getsy (1998), 84 Ohio St.3d 180, 193-194; State v. Eley
(1978), 56 Ohio St.2d 169, syllabus. In conducting our review, we are guided by the presumption that the jury "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 7} R.C. 2903.11, felonious assault, provides, in pertinent part:
(A) No person shall knowingly do either of the following:
(1) Cause serious physical harm to another * * *;
(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *.
As defined by R.C. 2923.11, a "deadly weapon" means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon.
 {¶ 8} In the present case, appellant argues, with regard to his sufficiency of the evidence claim, that, in Harshaw's 911 call, she stated her mother, Castle, was also stabbing people, thereby raising reasonable doubt as to who really stabbed Mr. Ferrell. Appellant cites the following exchange that took place between Harshaw and the 911 operator:
911 OPERATOR: 911.
MS. HARSHAW: I need a squad and an ambulance out here. My mom's boyfriend went ballistic and stabbed everybody in my family, man. Please get them out here, 1637 Smith Road, Apartment B. We tried to press charges today, they wouldn't let us. My sister's dying in my lap, man. Come on.
911 OPERATOR: How many people have been stabbed?
MS. HARSHAW: 1637 Smith Road.
911 OPERATOR: How many people have been stabbed?
MS. HARSHAW: About six.
911 OPERATOR: Six people?
MS. HARSHAW: Come on, please. My sister's in my arms dying. He stabbed her about seven times and then — Robert L. Hargrove. He's outside right now in a light blue baby —
911 OPERATOR: Okay. You said Robert L. Hargrove?
MS. HARSHAW: Yes. [Appellant's] outside right now in a baby-blue robe. He's got a knife in his hands. He's got blood on him. He has stabbed everybody. My mom picked up some glass and started stabbing people too. Please come and get them and take them to jail. I need a —
911 OPERATOR: Is he still outside?
MS. HARSHAW: Yes, sir. My mom climbed upstairs in the upstairs apartment. Everybody out here can see. My mom and my neighbor just called in. Please.
911 OPERATOR: Okay.
MS. HARSHAW: Please send some help.
911 OPERATOR: So six people have been stabbed?
MS. HARSHAW: Pardon me?
911 OPERATOR: Six people have been stabbed?
MS. HARSHAW: Six people, yes.
911 OPERATOR: Okay. We've got them on the way. They should be pulling up, alright?
MS. HARSHAW: Alright. Please send a squad.
911 OPERATOR: Alright. Bye.
MS. HARSHAW: Thank you.
(Tr. at 63-65.)
Appellant also maintains, with regard to his sufficiency of the evidence claim, that Mr. Ferrell had a reason to lie, as he shattered appellant's arm with a metal fencepost during the confrontation.
 {¶ 9} However, appellant's arguments do not attack the verdict on grounds of insufficiency of the evidence. With respect to Harshaw's 911 call, the issue is not whether such evidence could have raised reasonable doubt as to who stabbed Mr. Ferrell. The issue is whether there exists any evidence in the record that a rational juror could have believed, construing all evidence in favor of the state, to prove the elements of the crime beyond a reasonable doubt. In the present case, there undoubtedly existed sufficient evidence. Harshaw testified at trial that she saw appellant stab Mr. Ferrell and saw the knife in appellant's hand. Harshaw also explained her statement in the 911 call was based on the fact that she had seen a piece of broken glass in her mother's hand and originally "heard" her mother was stabbing people. A rational juror could have believed this testimony and relied upon Harshaw's testimony that she actually saw appellant stab Mr. Ferrell to find appellant caused physical harm to another by means of a deadly weapon, consistent with R.C.2903.11. Further, despite appellant's claim that Mr. Ferrell had reason to lie about who stabbed him, credibility is not an issue in determining the sufficiency of the evidence. See State v.Willard (2001), 144 Ohio App.3d 767, 777-778. Therefore, we find Harshaw's testimony, if believed, would have convinced the average mind of appellant's guilt beyond a reasonable doubt; thus, the jury's verdict was based upon sufficient evidence.
 {¶ 10} With regard to appellant's manifest weight of the evidence argument, appellant points out that Harshaw stated in her 911 call that appellant stabbed six people and stabbed Mrs. Ferrell seven times, which was untrue. Appellant also points out that Harshaw testified at trial that Castle's fight with Mrs. Ferrell and the stabbings at issue in the present case all occurred on the same day, which was untrue. Appellant further notes that Harshaw stated to the 911 operator that Castle was stabbing people, too, thereby demonstrating she could have been the person who stabbed Mr. Ferrell. Appellant contends there was great disorder in the house during this period, and the confusion in the evidence can be resolved only by a new trial. We disagree.
 {¶ 11} Mrs. Ferrell, Chico, Harshaw, and Mr. Ferrell himself, all testified consistently at trial that they witnessed appellant stab Mr. Ferrell. They each stated Mr. Ferrell walked to appellant's bedroom to confront him, appellant emerged holding a knife, and then appellant stabbed Mr. Ferrell and chased him. The jury could have easily determined that Harshaw's inaccurate 911 statement that six people had been stabbed was caused by her panic and the chaos of the moment. Those involved were frightened and had moved hastily from place-to-place to escape appellant. Harshaw had also just witnessed appellant chasing her son around a truck, and Harshaw's sister was by her side injured from a stab wound, which the jury could have reasonably found caused her great alarm and induced extreme duress causing her to magnify the magnitude of the situation in the 911 call. Further, Harshaw never stated that she actually witnessed appellant stab six people. In addition, although Harshaw initially testified that all of the events happened on the same day, instead of on consecutive days, she later clarified her testimony. Regardless, the jury could have found that her testimony concerning the underlying events was credible. Although there was undoubtedly significant confusion during the events at issue, Harshaw's testimony was consistent with Mrs. Ferrell's, Mr. Ferrell's, and Chico's unmistakable testimony as to who stabbed whom.
 {¶ 12} After a review of the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find the jury did not clearly lose its way and create a manifest miscarriage of justice. The jury apparently believed the testimony of Harshaw, Mrs. Ferrell, Mr. Ferrell, and Chico as to appellant's actions, and we find no reason to disturb its opinion. The state presented substantial evidence for a reasonable trier of fact to conclude that appellant knowingly caused physical harm to Mr. Ferrell by means of a knife, which was an instrument capable of inflicting death, beyond a reasonable doubt. Therefore, appellant's assignment of error is overruled.
 {¶ 13} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Sadler and Travis, JJ., concur.