[Cite as *State v. Lytle*, 2018-Ohio-5046.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-04-077 |
| | : | O P I N I O N |
| - vs - | | 12/17/2018 |
| | : | |
| ROBERT LYTLE, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 18CRB01087-A

Thomas A. Dierling, Hamilton City Prosecutor, 345 High Street, Hamilton, Ohio 45011, for appellee

Engel & Martin, LLC, Mary K. Martin, 4660 Duke Drive, Suite 101, Mason, Ohio 45040, for appellant

**RINGLAND, P.J.**

{¶ 1} Appellant, Robert Lytle, appeals his conviction in the Hamilton Municipal Court. For the reasons detailed below, we affirm.

{¶ 2} Lytle lived in a second-floor apartment and would play his stereo loudly, which disturbed the tenants below him, Daniel and Chelsea Lucas. On prior occasions, Daniel had knocked on Lytle's door to ask him to turn the music down. The landlord advised the Lucas

family to tap on their ceiling if the noise problem persisted.

{¶ 3} On March 13, 2018, Daniel was sitting at home wearing headphones when Lytle began playing his stereo "obscenely loud." Daniel explained that his feet were shaking from the music vibrations and pictures were falling from the walls of the apartment. Daniel tapped the ceiling as advised by the landlord and Lytle responded by stomping on his floor.

{¶ 4} Daniel was unsure if Lytle heard the tapping, so he went upstairs and knocked on Lytle's door. When Daniel knocked, Lytle immediately opened the door with an aluminum baseball bat in hand, which he then pointed at Daniel's face, approximately six inches from his nose. While holding the bat under Daniel's nose, Lytle told him to "get the fuck off [the] porch." Lytle then stepped towards Daniel and backed him down the stairs with the bat. When he reached the steps, Daniel returned to his apartment and called the police. Prior to the arrival of law enforcement, Lytle stomped around his apartment, hitting the bat on the floor and screaming.

{¶ 5} Officer Armstrong arrived on scene and made contact with Lytle in his apartment. Officer Armstrong stated that Lytle answered the door in his white and black boxer shorts and appeared to be intoxicated. When asked about the interaction with Daniel, Lytle responded by stating "[d]oes it look like I have a baseball bat?" Lytle denied the allegations but admitted that he had been playing the music loudly. However, he claimed that he turned it down when Daniel tapped on the ceiling. Lytle later admitted that he had a baseball bat in an umbrella stand located next to the front door.

{¶ 6} Lytle was charged with aggravated menacing in violation of R.C. 2903.21, a first-degree misdemeanor. The matter was tried to the bench. Following the close of evidence, the trial court found Lytle guilty and sentenced him to 180 days in jail with 170 of those days suspended. Lytle now appeals, raising three assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE CONVICTION IN THIS MATTER WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE CONVICTION IN THIS MATTER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 11} We will address Lytle's first and second assignments of error together. In his first assignment of error, Lytle argues that his conviction was not supported by sufficient evidence. In his second assignment of error, Lytle argues that his conviction was against the manifest weight of the evidence. We find Lytle's arguments to be without merit.

{¶ 12} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, as this court has observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 13} A manifest weight challenge scrutinizes the proclivity of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-

08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 14} Lytle was convicted of aggravated menacing. The relevant statute, R.C. 2903.21(A), provides, "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." According to R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." *State v. Salinger*, 12th Dist. Butler No. CA2014-10-208, 2015-Ohio-2821, ¶ 16.

{¶ 15} "Serious physical harm" is defined by R.C. 2901.01(A)(5) as,

> (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
>
> (b) Any physical harm that carries a substantial risk of death;
>
> (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
>
> (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
>
> (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶ 16} To be convicted of aggravated menacing, the state is not required "to prove that the offender is able to carry out the threat or even that the offender intended to carry out the threat." *State v. Russell*, 12th Dist. Warren Nos. CA2011-06-058 and CA2011-09-097, 2012-Ohio-1127, ¶ 12.

{¶ 17} In the present case, Daniel testified that when he knocked on Lytle's door, Lytle immediately opened the door and pointed an aluminum baseball bat at him. Daniel testified that "he was pointing the bat up at me and the tip of the ball bat was right up

- 4 -

underneath my nose." Lytle told him to "get the fuck off [the] porch." Daniel testified that he doesn't scare easily, but based on Lytle's demeanor, he knew he had to retreat. Daniel further testified "[i]f I didn't back off, I had no question that [Lytle] would probably * * * the bat was in a position * * * one little jolt of his hand and probably break a couple of bones. My nose. Knock some teeth out. No questions asked." Daniel indicated that Lytle then backed him down the stairs until he could retreat and call the police.

{¶ 18} Lytle testified in his own defense and denied the altercation. Lytle stated that his music was a little bit loud, but he turned it down when he heard Daniel's knocks on his door. When he answered the door, Lytle stated that Daniel was already walking down the steps. Lytle stated that he did not point a bat at Daniel or threaten him.

{¶ 19} Following review, we find Lytle's conviction was not against the manifest weight of the evidence. Daniel's testimony supported all elements of the crime of aggravated menacing and the trial court found Daniel testified credibly and honestly. The trial court stated "[t]he manner in which [Daniel] said it. The way [Daniel] said it. The logic of what [Daniel] said. It all made sense and it all convinced me that [Daniel] was telling me the truth when he testified that [Lytle] took a baseball bat, an aluminum baseball bat, and put it six inches away from his face and backed him down the stairs. The only reason a person does that is because they want the person on the other end of the bat to be afraid. The only reason that ever happens and when [Lytle] backed [Daniel] down the stairs with that bat the court's convinced that he * * * caused [Daniel] to believe he would cause physical harm to him." Wielding an aluminum baseball bat in such close proximity to Daniel's face could easily cause serious physical injury. As this court has previously stated, the trial court is in the best position to weigh the evidence and evaluate the witnesses' credibility. *State v. Salinger*, 12th Dist. Butler No. CA2014-10-208, 2015-Ohio-2821, ¶ 20. The trial court believed Daniel's testimony. Accordingly, the trial court did not lose its way or create a miscarriage of justice

when it found Lytle guilty of aggravated menacing.

{¶ 20}  As Lytle's conviction for aggravated menacing is not against the manifest weight of the evidence, it is also supported by sufficient evidence.  Lytle's first and second assignments of error are overruled.

{¶ 21}  Assignment of Error No. 3:

{¶ 22}  THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING CHELSEA LUCAS TO TESTIFY.

{¶ 23}  In his third assignment of error, Lytle argues the trial court abused its discretion by allowing Chelsea to testify because she remained in the courtroom even after the trial court ordered for the separation of witnesses.  Lytle's argument is without merit.

{¶ 24}  The admission or exclusion of evidence is a matter committed to the sound discretion of the trial court.  *State v. Meredith*, 12th Dist. Warren No. CA2004-06-062, 2005-Ohio-2664, ¶ 26.  Absent an abuse of discretion, this court will not reverse the trial court's decision to exclude relevant evidence.  *Id.*  An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable, and not simply an error of law or judgment.  *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 111.

{¶ 25}  In the present case, the trial court granted a motion for the separation of witnesses.  For reasons not clear in the record, Chelsea remained in the courtroom throughout the trial prior to being called as a rebuttal witness.  Lytle objected to Chelsea's testimony on the basis that she failed to abide by the separation order.  The trial court overruled Lytle's objection and permitted Chelsea to testify.  Chelsea did not witness the entire altercation but testified that she saw Daniel walking backwards down the stairs and Lytle was in front of him with a bat, so she ran back into her apartment.

{¶ 26}  Following review, we find that any such error with respect to Chelsea's testimony is harmless.  Chelsea's testimony, which was offered on rebuttal, was very brief

and merely cumulative of a very small portion of the testimony provided by Daniel. In announcing its decision, the trial court stated that it found Daniel's testimony to be credible and stated that it found Lytle guilty based on Daniel's testimony alone. In so doing, the trial court noted the manner and logic of Daniel's testimony. The trial court made no mention of Chelsea's testimony in announcing the verdict. Furthermore, we note that the trial court is presumed to consider only reliable, relevant, and competent evidence unless it affirmatively appears to the contrary. *State v. Cornish*, 12th Dist. Butler No. CA2014-02-054, 2014-Ohio-4279, ¶ 30. Accordingly, we find the trial court did not abuse its discretion and any error in permitting Chelsea's testimony was harmless. As a result, Lytle's third assignment of error is overruled.

{¶ 27} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.