[Cite as *State v. Ell*, 2023-Ohio-4583.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-03-006 |
| | : | O P I N I O N |
| - vs - | | 12/18/2023 |
| | : | |
| JEFFREY DAVID ELL, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20220340


Jess Weade, Fayette County Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.



**S. POWELL, P.J.**

{¶ 1}  Appellant, Jeffrey David Ell, appeals his conviction in the Fayette County Court of Common Pleas after a jury found him guilty of one count of second-degree felony felonious assault.  For the reasons outlined below, we affirm.

{¶ 2}  On January 13, 2023, the Fayette County Grand Jury returned an indictment charging Ell with one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-

degree felony in accordance with R.C. 2903.11(D)(1)(a), with an attached repeat violent offender specification.[1]  The charge arose after it was alleged Ell had brutally beat, struck, and slammed the victim, his girlfriend's sister, against a door causing the victim to lose consciousness and sustain severe bruising to her face, head, and neck.

{¶ 3}  On March 9, 2023, the matter proceeded to a one-day jury trial.  During trial, the jury heard testimony from a total of three witnesses.  This included testimony from the victim, as well as testimony from the victim's sister, Ell's girlfriend.  Upon hearing this testimony, and following deliberations, the jury returned a verdict finding Ell guilty of the charged felonious assault offense.

{¶ 4}  On March 20, 2023, the trial court held a sentencing hearing where it sentenced Ell to serve a total, aggregate term of 11 to 15 years in prison, less 101 days of jail-time credit.  The trial court also notified Ell that upon his release from prison he would be subject to a mandatory postrelease control term of a minimum 18-months to a maximum of three years.  Ell now appeals his conviction, raising the following single assignment of error for review.

{¶ 5}  THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST THE APPELLANT AS TO COUNT ONE OF THE INDICTMENT AS SUCH CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 6}  In his single assignment of error, Ell argues his conviction for one count of second-degree felony felonious assault was against the manifest weight of the evidence. We disagree.

{¶ 7}  "[A] manifest-weight-of-the-evidence standard of review applies to the state's

---

1. The indictment also charged Ell with one count of domestic violence in violation of R.C. 2919.25(A), a second-degree felony in accordance with R.C. 2919.25(D)(3).  This charge was later dismissed by the trial court pursuant to a Crim.R. 29(A) motion for acquittal.

burden of persuasion." *State v. Messenger*, 171 Ohio St.3d 227, 2022-Ohio-4562, ¶ 26. When reviewing a jury verdict, such as the case here, "the verdict may be reversed as against the manifest weight of the evidence only when there is unanimous disagreement with the verdict." *State v. Marcum*, 12th Dist. Preble No. CA2015-04-011, 2016-Ohio-263, ¶ 10, citing *State v. Gibbs*, 134 Ohio App.3d 247, 255 (12th Dist.1999).

{¶ 8} "To determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Lewis*, 12th Dist. Butler No. CA2019-07-128, 2020-Ohio-3762, ¶ 18, citing *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 168.

{¶ 9} However, even though this court is tasked with considering the credibility of the witnesses, a determination regarding the witnesses' credibility is primarily for the trier of fact to decide. *State v. Baker*, 12th Dist. Butler No. CA2019-08-146, 2020-Ohio-2882, ¶ 30, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Therefore, given that it is primarily the trier of fact who decides witness credibility, this court will overturn a conviction on manifest-weight grounds "only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 10.

{¶ 10} As noted above, Ell was convicted of one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony in accordance with R.C. 2903.11(D)(1)(a). That statute prohibits any person from knowingly causing "serious physical harm" to another or to another's unborn. "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of

a certain nature." R.C. 2901.22(B).

{¶ 11} The phrase "serious physical harm" is defined by R.C. 2901.01(A)(5)(c) to mean "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity[.]" Being rendered unconscious, no matter how brief, qualifies as a "temporary substantial incapacity" that satisfies the definition of serious physical harm set forth under R.C. 2901.01(A)(5)(c). *State v. Barron*, 12th Dist. Warren No. CA2020-12-088, 2022-Ohio-102, ¶ 91. The phrase "serious physical harm" is also defined to mean "[a]ny physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement[.]" R.C. 2901.01(A)(5)(d). "Under certain circumstances, bruising can constitute serious physical harm because a bruise may satisfy the statutory requirement for temporary serious disfigurement" set forth in R.C. 2901.01(A)(5)(d). *State v. Crossty,* 1st Dist. Hamilton No. C-170085, 2017-Ohio-8382, ¶ 23.

{¶ 12} Ell argues his felonious assault conviction was against the manifest weight of the evidence because the lone witness to testify in his defense, his girlfriend, the victim's sister, testified that he never beat, struck, or slammed the victim against a door as had been alleged in the indictment. Ell notes that his girlfriend instead testified that any contact that he may have had with the victim was the unfortunate result of him simply trying to "separate" her and the victim from "physically fighting" each other. However, when considering the jury's verdict, the jury clearly found this testimony lacked credibility. The jury instead found credible the victim's testimony identifying Ell as the person who had brutally beat her, struck her in the face, slammed her against a door, and strangled her to the point of

- 4 -

unconsciousness.[2]

{¶ 13} These findings were all well within the jury's purview as the trier of fact and ultimate factfinder. *State v. Erickson*, 12th Dist. Warren No. CA2014-10-131, 2015-Ohio-2086, ¶ 42. The jury was in fact free to believe all, part, or none of the testimony offered by each of the witnesses who appeared before it. *State v. Spencer*, 12th Dist. Warren No. CA2018-08-082, 2019-Ohio-2165, ¶ 27. This includes both the victim in this case, as well as the lone witness who testified in Ell's defense, the victim's sister, Ell's girlfriend. "A conviction is not against the manifest weight of the evidence simply because the trier of fact believed the testimony offered by the prosecution." *State v. Baker*, 12th Dist. Butler No. CA2019-08-146, 2020-Ohio-2882, ¶ 31. To the extent Ell claims otherwise, such argument lacks merit.

{¶ 14} In so holding, we note that Ell also alleges in his brief that "the evidence of guilt is so minimal it cannot support the guilty verdict." Although not explicit, Ell seems to be suggesting that his felonious assault conviction may not have been supported by sufficient evidence. "A claim challenging the sufficiency of the evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶ 165, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Such a challenge "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34.

{¶ 15} It is well established, however, that the victim's testimony, standing alone, is sufficient to support a conviction for felonious assault in violation of R.C. 2903.11(A)(1).

---

2. There were several photographs of the victim's injuries admitted as exhibits in this case, many of which showed large, dark bruises around both of the victim's eyes, as well additional bruising on the victim's face, chin, and neck.

*State v. Wesley*, 12th Dist. Butler No. CA2015-04-077, 2015-Ohio-5031, ¶ 18, citing *State v. Beaver*, 3d Dist. Union No. 14-13-15, 2014-Ohio-4995, ¶ 36 (noting that the felonious assault statute, which includes R.C. 2903.11[A][1], "does not require corroborating evidence for a felonious-assault conviction"); *see, e.g., State v. Chapman*, 12th Dist. Butler No. CA2018-03-046, 2018-Ohio-4560, ¶ 18-19 (appellant's conviction for felonious assault in violation of R.C. 2903.11[A][1] was supported by sufficient evidence where the victim testified and identified appellant as the perpetrator who caused her serious physical harm by jumping on her, beating her, and hitting her in the head with some unknown object).

{¶ 16} "In a sufficiency of the evidence inquiry, appellate courts do not assess whether the prosecution's evidence is to be believed but whether, if believed, the evidence supports the conviction." *State v. Carter*, 8th Dist. Cuyahoga No. 104653, 2018-Ohio-29, ¶ 7, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 79-80. That is to say, in determining whether the state has met its burden of production at trial, "[t]he issue is whether there exists any evidence in the record that a rational juror could have believed, construing all evidence in favor of the state, to prove the elements of the crime beyond a reasonable doubt." *State v. Hargrove*, 10th Dist. Franklin No. 05AP-547, 2006-Ohio-1030, ¶ 9. "The reasonable doubt standard is 'proof that an ordinary person would be willing to rely and act upon in the most important of his own affairs.'" *State v. Lovelace*, 12th Dist. Warren No. CA2022-05-032, 2023-Ohio-339, ¶ 29, quoting R.C. 2901.05(E).

{¶ 17} The victim in this case testified and identified Ell as the person who had brutally beat her, struck her in the face, slammed her against a door, and strangled her to the point of unconsciousness. This evidence must be viewed in a light most favorable to the prosecution. *See State v. Adams*, 12th Dist. Butler No. CA2006-07-160, 2007-Ohio-2583, ¶ 51 ("* * * when the evidence is viewed in a light most favorable to the prosecution as it must be in evaluating a challenge to the sufficiency of the evidence * * *"). Therefore,

because the victim's testimony alone, if believed, was sufficient for the jury to find Ell guilty of felonious assault in violation of R.C. 2903.11(A)(1) beyond a reasonable doubt, Ell's suggestion that his felonious assault conviction was not supported by sufficient evidence is meritless. *See State v. Payne*, 8th Dist. Cuyahoga No. 105965, 2018-Ohio-1399, ¶ 27.

{¶ 18} Accordingly, finding no merit to any of the arguments raised by Ell herein, Ell's single assignment of error is overruled and his appeal challenging his conviction for one count of second-degree felony felonious assault is denied.

{¶ 19} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.