[Cite as *State v. Simason*, 2025-Ohio-2189.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                  :

    Appellee,                                   :           CASE NO. CA2024-12-142

    - vs -                                      :           O P I N I O N
                                                           6/23/2025
                                                :

CHRISTIAN A. SIMASON,                           :

    Appellant.                                  :

CRIMINAL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. CRB2401600

Zachary A. Barnhart, City of Middletown General Counsel, for appellee.

Christopher Frederick, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Christian A. Simason, appeals his conviction in the Middletown Municipal Court after it found him guilty of aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor. For the reasons outlined below, we affirm Simason's conviction.

{¶ 2} On June 19, 2024, a complaint was filed charging Simason with the above-named offense. The charge arose after it was alleged Simason had pointed a firearm at

the victim, C.S., during a confrontation while at a home located in Trenton, Butler County, Ohio. The matter ultimately went to trial on October 18, 2024. At trial, the trial court heard testimony and took evidence from a total of five witnesses. This included testimony from C.S., C.S.'s wife, C.S.'s daughter, and Simason. Following trial, the trial court issued its verdict finding Simason guilty as charged. Upon issuing its verdict, the trial court then sentenced Simason to serve 90 days in jail, less one day of jail-time credit, all of which was suspended on the condition that Simason did not reappear in court for two years. The trial court also ordered Simason pay a $150 fine plus court costs and for Simason to stay away from C.S. and his family. This is in addition to the trial court ordering Simason's firearm be confiscated and destroyed.[1] Simason now appeals his conviction, raising the following single assignment of error for review.

{¶ 3}   MR. SIMASON'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 4}   In his single assignment of error, Simason argues the trial court's verdict finding him guilty of aggravated menacing was against the manifest weight of the evidence. We disagree.

{¶ 5}   "A verdict can be against the manifest weight of the evidence even though legally sufficient evidence supports it." *State v. Knuff*, 2024-Ohio-902, ¶ 207. This is because, unlike the sufficiency-of-the-evidence standard of review, which addresses the state's burden of production, "'a manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion.'" *State v. Casey*, 2024-Ohio-689, ¶ 10 (12th Dist.), quoting *State v. Messenger*, 2022-Ohio-4562, ¶ 26. "To determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire

---

1. The trial court stayed the entirety of Simason's sentence pending appeal.

record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Lewis*, 2020-Ohio-3762, ¶ 18 (12th Dist.), citing *State v. Wilks*, 2018-Ohio-1562, ¶ 168. This court will overturn a conviction on manifest-weight grounds "only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Kaufhold*, 2020-Ohio-3835, ¶ 10 (12th Dist.).

**{¶ 6}** As noted above, Simason was convicted of aggravated menacing in violation of R.C. 2903.21(A). Pursuant to that statute, "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." A person acts knowingly when, regardless of purpose, "the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). The definition of "serious physical harm" includes "[a]ny physical harm that carries a substantial risk of death," or involves some incapacity, disfigurement, or acute pain. R.C. 2901.01(A)(5)(b)-(e). Being shot by a firearm carries with it a substantial risk of death that may involve some incapacity, disfigurement, or acute pain. *See State v. Coleman*, 2022-Ohio-4029, ¶ 12 (1st Dist.); *see also State v. Clark*, 2008-Ohio-1404, ¶ 30 (8th Dist.).

**{¶ 7}** "To be convicted of aggravated menacing, the state is not required to prove that the offender is able to carry out the threat or even that the offender intended to carry out the threat." *State v. Lytle*, 2018-Ohio-5046, ¶ 16 (12th Dist.). "The state must, however, show that the victim had a subjective belief of fear of serious physical harm." *State v. Clemmons*, 2020-Ohio-5394, ¶ 33 (12th Dist.). "Evidence of a person's belief that

an offender will cause serious physical harm can be proven with circumstantial evidence." *Id.* "Circumstantial evidence is the proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts." State v. Raleigh, 2010-Ohio-2966, ¶ 46 (12th Dist.). "A conviction based on circumstantial evidence is no less sound than one based on direct evidence." *State v. Barnett*, 2009-Ohio-2196, ¶ 53 (12th Dist.).

**{¶ 8}** In this case, Simason argues the trial court weighed the evidence incorrectly, did not properly execute its fact-finding responsibilities, and failed to render an appropriate verdict when considering the evidence presented at trial. To support this argument, Simason claims the record does not support the trial court's finding he had pointed a firearm at the victim, C.S. This is because, according to Simason, the state's case was based entirely on "conflicting witness statements, lacking any corroborating physical evidence" that he ever pulled out a firearm and pointed it at the victim. Simason also claims the record does not support the trial court's finding that—assuming the record did establish that he pointed a firearm at the victim—he did so knowing it would cause C.S. to believe he would cause him serious physical harm. Simason argues the record instead "supports a narrative of self-protection in the face of an emotionally charged confrontation."

**{¶ 9}** However, by its verdict, the trial court clearly chose to believe the testimony offered by the state. This included the victim, C.S., testifying that – during an argument between him, his wife, his daughter, and Simason – Simason pulled out a firearm and pointed it directly at C.S.'s face. C.S. testified that Simason then grabbed the firearm with two hands, cocked it, and said, "Take one more step I'm going to blow your fucking head off." C.S. testified that Simason then stepped towards him, "probably came at [him] within 2 feet," which prompted C.S., who was unarmed, to start backing up out of the room and eventually out the back door of the house, thus establishing C.S.'s reasonable belief that

Simason was about to cause him serious physical harm. C.S.'s testimony was corroborated by the testimony elicited from C.S.'s wife and daughter, both of whom testified that Simason had, in fact, pointed a firearm at C.S. during this confrontation, which caused C.S. to reasonably believe that Simason was going to cause him serious physical harm.

{¶ 10} This court is required to give substantial deference to the trier of fact, in this case the trial court, "in issues involving the credibility of witnesses." *State v. Buckland*, 2023-Ohio-2095, ¶ 20 (12th Dist.). It is in fact "well-established that it is the trier of fact—and not this court on appeal—that makes determinations of credibility and the weight to be given to the evidence presented at trial." *State v. Sparks*, 2019-Ohio-3145, ¶ 10 (12th Dist.). "This is because 'whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the fact finder, who has seen and heard the witness.'" *State v. Westberry*, 2024-Ohio-2532, ¶ 22 (12th Dist.), quoting *State v. Thompson*, 1997 Ohio App. LEXIS 4659, *17 (12th Dist. Oct. 20, 1997). It is equally well established that "[a] conviction is not against the manifest weight of the evidence simply because the trier of fact believed the testimony offered by the prosecution." *State v. Baker*, 2020-Ohio-2882, ¶ 31 (12th Dist.). That Simason's testimony absolved him from any criminal wrongdoing does not mean the trial court was required to accept it as true. *State v. Westberry*, 2024-Ohio-2532, ¶ 22 (12th Dist.). To the extent Simason claims otherwise, such argument lacks merit.

{¶ 11} In so holding, we find it necessary to reiterate that, given the plain language of the aggravated menacing statute, R.C. 2903.21(A), "[n]either the intent of a defendant to carry out his threat nor his ability to do so are elements of the offense of aggravated menacing." *State v. Wetherby*, 2013-Ohio-3442, ¶ 63 (5th Dist.). This is why, given the right circumstances, "a person can be convicted of aggravated menacing even though

the person has not made any movement toward carrying out the threat." *State v. Marcum*, 2011-Ohio-6140, ¶ 37 (7th Dist.). "Even a conditional threat can constitute a violation of the menacing laws." *State v. Rankin*, 2014-Ohio-3104, ¶ 28 (5th Dist.), citing *State v. Collie*, 108 Ohio App.3d 580, 582 (1st Dist. 1996). "A conditional threat, such as 'if you come in, I'll kick your ass,' is nonetheless a threat prohibited by the menacing laws." *Columbus v. James*, 1988 Ohio App. LEXIS 3748, *12 (Sept. 15, 1988) (10th Dist.). This is because, "[w]hether the threat be one that promises an immediate attack, or one that promises an attack if the victim does something, under both the victim is promised that the offender 'will cause' harm." *Id.* Therefore, because the trial court's verdict finding Simason guilty of aggravated menacing was not against the manifest weight of the evidence, Simason's single assignment of error lacks merit and is overruled.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

- 6 -